UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                Plaintiff,

    -against-

CHRIS CATANIA, *et al.*,

                Defendants.

20-CV-4712 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff Aasir Azzarmi ("Plaintiff"), proceeding *pro se*, brings this defamation suit, invoking the diversity of citizenship statute, 28 U.S.C. § 1332. By order dated August 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (*See* Dkt. No. 4.)

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013) ("Generally, a *pro se* litigant proceeding *in forma pauperis* is entitled to rely on the U.S. Marshals Service to effect service."); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that the court must order the Marshals Service to serve defendants if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*,

682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Chris Catania through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. For more information, including instructions on this email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated: August 7, 2020
       White Plains, New York

                                                KENNETH M. KARAS
                                                United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. Chris Catania
   Subsurface Technologies
   40 Stone Castle Road
   Rock Tavern, NY 12575