UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI

                Plaintiff,

       v.

CHRIS CATANIA, *et al.*,

                Defendants.

No. 20-CV-4712 (KMK)

AMENDED ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff Aasir Azzarmi ("Plaintiff"), proceeding pro se, brings this defamation suit, invoking the diversity of citizenship statute, 28 U.S.C. § 1332.  By order dated August 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").  (*See* Dkt. No. 4.)  Plaintiff originally named Chris Catania ("Catania") as Defendant.  (*See* Compl. (Dkt. No. 2).)  By Order dated August 7, 2020, the Court directed service on Catania.  (Dkt. No. 6.)  Catania was served on September 14, 2020.  (Dkt. No. 10.)

    On September 14, 2020, Plaintiff filed an Amended Complaint, naming as an additional Defendant Kristina Kiefer ("Kiefer").  (Dkt. No. 9.)

I.  Discussion

    A.  Service on Defendant

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Amended Complaint until the Court reviewed the Amended Complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date the summonses are issued.  If the Complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Kiefer through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for this Defendant.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## II.  Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 Forms with the address for Kristina Kiefer and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 24, 2020
         White Plains, New York

                                             KENNETH M. KARAS
                                     United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Kristina Kiefer
   769 Monroe St. #1R
   Brooklyn, NY 11221