UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AASIR AZZARMI,

                    Plaintiff,

            -v-

CHRIS CATANIA, *et al.*,

                    Defendants.

20-CV-4712 (KMK)

ORDER OF

DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

On December 22, 2020, the Court issued an Order To Show Cause as to why Plaintiff's

claims should not be dismissed pursuant to 28 U.S.C. § 1406(a) for improper venue, (Dkt. No.

50), which provides that "[t]he district court of a district in which is filed a case laying venue in

the wrong division or district shall dismiss . . . such case[,]" 28 U.S.C. § 1406(a). Plaintiff has

failed to do so. For the reasons that follow, this Action is dismissed for lack of venue.

According to Defendant Catania, neither he nor putative Defendant Kiefer is "domiciled

in New York." (Dkt. No. 19.)[1] Plaintiff asserts that Defendant Catania owns property at 10

Linda Drive, Newburgh, NY 12550. (Dkt. No. 51). However, Defendant Catania states that he

sold that property in 2020 and "is prepared to file a Closing Disclosure under seal." (Dkt. No.

55.) Defendant Catania states that he is a permanent resident of Florida and has submitted a

copy of his Florida driver's license and Florida voter registration to this Court. (*Id.*) Similarly,

Defendant Kiefer states that she is a permanent resident of Utah and has submitted a copy of her

Utah driver's license and a recent utility bill to this Court. (*Id.*) In short, Plaintiff's claims that

Defendants Catania and Kiefer are domiciled in New York are baseless. Thus, under the federal

---

[1] Defendant Kiefer has still not been served. (*See* Dkt. Nos. 19, 55.)

venue statute, 28 U.S.C. § 1391, neither of these Defendants is deemed a resident of this judicial

District, or any judicial district in New York, *see* 28 U.S.C. § 1391(c)(1).  Because no Defendant

resides in this state, Plaintiff may not lay venue in this District—or any other judicial district in

New York—pursuant to § 1391(b)(1), which provides that a civil action may be brought in "a

judicial district in which any defendant resides, *if all defendants are residents of the State in*

*which the district is located*[,]" 28 U.S.C. § 1391(b)(1) (emphasis added).

Defendant Catania also represents that the instant claims "have no connection to New

York."  (Dkt. No. 19).  The events giving rise to this Action arose in California, not New York—

the claims concern an incident that occurred on a Delta Airlines flight while it was on the ground

in Los Angeles.  (Dkt. No. 55).  Plaintiff has failed to credibly allege a connection to New York.

Thus, Plaintiff may not lay venue in this District pursuant to § 1391(b)(2), which allows a civil

action to be brought in "a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2).

The Court notes that despite the Court's warning in its Order to Show Cause, (*see* Dkt.

No. 50), Plaintiff continues to file untimely and improper motions, (*see* Dkt. Nos. 51, 54, 56, 57,

58).  As this Court has previously ruled in this case, (*see* Dkt. 50), Plaintiff's putative Motion for

Reconsideration, (Dkt. No. 51), is denied on the basis that the Court has not yet decided any

motions in this case, and thus, there is nothing to reconsider, *see* Fed. R. Civ. P. 60(b); Fed. R.

Civ. P. 59(e); Local Civil Rule 6.3.

Plaintiff also brings a Motion for Disqualification.  (Dkt. No. 54).  This Court has already

denied a similar motion in a similar case brought before this Court by Plaintiff.  (Dkt. No. 10,

*Azzarmi v. Neubauer et al*., Case No. 20-CV-9155).  As this Court has previously stated,

"judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Indeed, the Second Circuit has already

rejected a substantially identical argument by Plaintiff in a previous case.  *See Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) (summary order) ("We also reject [a]ppellant's claims that the district judge and magistrate judge should have been recused from the cases based on their alleged bias.  Most of [a]ppellant's arguments rely on the fact that the judges ruled against him and in favor of the [a]ppellees, but judicial rulings alone do not constitute evidence of bias.").  Here, as in *Pimentel*, Plaintiff's charges of bias are baseless.  His disqualification request is denied.

Plaintiff's outstanding putative Motions are also denied.  (*See* Dkt. Nos. 56–58).  Plaintiff's Motion for Extension of Time to Effectuate Service Under Fed. R. Civ. Pro 4(m), (Dkt. No. 56), is denied.  As Defendants correctly point out, Plaintiff has far exceeded the deadline to serve Defendant Kiefer, and he has not demonstrated good cause for his failure to do so.  (*See* Dkt. Nos. 19, 55).  Plaintiff's remaining motions—(1) his Motion Seeking an Order Requiring Defendants to File a Responsive Pleading under Fed. R. Civ. Pro. 12(a), (Dkt. No. 57), and (2) his letter for leave to file a Motion to Apply California Law and for Leave to Amend Under Fed. R. Civ. Pro 15(a) and 21, (Dkt. No. 58)—are denied as moot in light of this Court's determination above that venue is improper in this District.

Although the Court has afforded Plaintiff significant leeway in view of his pro se status, his practice of serially filing untimely, meritless motions ends now.  Plaintiff has already been warned that his failure to comply with this Court's Individual Rules and his practice of using "harsh, offensive, or abusive language toward Defendants or this Court," (Dkt. No. 50), will be grounds for dismissing this Action pursuant to Fed. R. Civ. P. 41(b), which allows for involuntary dismissal of actions where the "the [P]laintiff fails to . . . comply with . . . a court order."  Despite these warnings, Plaintiff continues to use offensive language and abusive tactics, referring to this Court as "hateful," (Dkt. No. 54), and attempting to harass the friends and family

of Defendants, (*see* Dkt. No. 55).  This will not be tolerated.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) ("[A] district court may dismiss under Rule 41(b) when circumstances make such action appropriate, without affording . . . a hearing before it acts.") (citing *Link v. Wabash Railroad Co*., 370 U.S. 626, 629 (1962)); *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) ("[D]ismissals [under rule 41(b)] may be made sua sponte.") (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

For the reasons stated above, this Action is dismissed with prejudice based on improper venue under 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391, and failure to comply with this Court's orders under Fed. R. Civ. Pro. 41(b).  The Clerk of Court is respectfully directed to terminate the pending motions, (Dkt. Nos. 51, 54, 56, 57, 58), and close this case.

SO ORDERED.

DATED:        October 28, 2021
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE