**MEMO ENDORSED**

AASIR AZZARMI
10217 S. Inglewood Ave
Inglewood, CA, 90304
323-632-8531
Email: azafata@yahoo.com

AASIR AZZARMI, PRO SE PLAINTIFF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AASIR AZZARMI ,**<br>Plaintiff, Pro Se<br><br>v,<br><br>**CHRIS CATANIA, et. al**<br>Defendants | CASE No: 7:20-cv-04712-KMK<br><br>Plaintiff's Motion for Reconsideration under FRCUP Rules 59 and 60 "ORDER OF DISMISSAL" in DKT#59; Motion for Jurisdictional Discovery; Motion to Amend Complaint under 15(a) ; Motion to Transfer Venue under 28 U.S.C. § 1406(a) in the interests of justice or 28 U.S.C. §1404(a) |

**MOTION FOR RECONSIDERATION**

Plaintiff moves the Court to Reconsider the entire ORDER in in DKT#59 and/or Plaintiff moves the Court to reconsider the entire Order of Dismissal for both clear error, improper legal standard applied, Defendant Catania's failure to meet his burden, lack of evidence showing that Catania was NOT a NY resident in June 2020 and/or in the alternative, to consider for the first time, Plaintiff's motion for jurisdictional discovery (Court never addressed this issue/motion), Plaintiff's motion for a transfer per 28 U.S.C. §1404(a), (court never addressed this issue/motion) and/or Plaintiff to transfer in lieu of dismissal per 28 U.S.C. § 1406(a) (Court never addressed this issue/motion)i Plaintiff preserves all of these issues, arguments, and objections for appeal.

As an initial matter, Plaintiff sincerely and humbly apologizes for using the world "hateful" in a previous Motion for Reconsideration, as Plaintiff was unaware that the word "hateful" is/was "offensive" or "abusive" in the context of making arguments that Plaintiff

Scanned with CamScanner

believes the judge in this case too be biased. Had Plaintiff known that using the 1 word "hateful" one time would've led to dismissal, Plaintiff would never had used the word "hateful," as it is was never Plaintiff's intention to be unprofessional, uncivil, "offensive" and "abusive" in making those arguments for Disqualification.  Plaintiff is just requesting the Court to reconsider by trying to look at Plaintiff's use of the word "hateful" from a different perspective, as This Court, without any explanation and/or any basis in law or fact, has been sanctioning and threatening to further sanction Plaintiff without due process in violation of his Constitutional rights, and Plaintiff did not even know what he ever did to deserve to be sanctioned in December 2020 and/or a basis to be further threatened with sanctions in May 2021 and/or how to prevent being further sanctioned without due process in violation of his Constitutional rights. At this point, Plaintiff understands now that he has never been, can never be and will never be treated fairly by any Court or any judge and there is nothing he can do about this, because this is how this system is designed.  I and We, the people, definitely understand this, this is no shock. Plaintiff has just been asking to be treated fairly, but this has never happened thus far. However, in the interests of justice, Plaintiff sincerely and humbly begs for another chance and promises never to use the word "hateful," now that Plaintiff knows it is the basis for dismissal.  If Plaintiff is ever wrong or needs to be corrected or there is an opportunity for learning and growth,  Plaintiff has absolutely no problem admitting he was wrong, correcting his mistakes, taking responsibility for his conduct and asking for forgiveness. Therefore, Now that the Court has given Plaintiff  notice for the first time that he was wrong for using the word "hateful," Plaintiff, now that he knows,  admits he was 100% wrong, even though Plaintiff did not previously know using the word "hateful" was offensive or abusive and could ever result in dismissal when making arguments for in his Motion for Disqualification or Reconsideration. Plaintiff, as Pro Se, knows that he does not know much or whats acceptable or whats not. For example, Opposing Counsel, committed fraud, forgery and perjury when he manufactured  false court documents and filed them with this court for his 12 (b)(6) motion to dismiss for Res Judicata, and the Court saw absolutely NOTHING egregious or wrong about Opposing Counsel, an officer of the Court's, unethical conduct. When Plaintiff brought this to the Court's attention, the Court refused to ever address this issue or even make a comment that it was unethical.  This would make any reasonable person believe that ANYTHING GOES, as Plaintiff learns by observing what the Court allows lawyers to do.  This Court lets Opposing Counsel get away with many violations, including fraud. The Court had no problem with Opposing Counsel fraud, fraudulent misrepresentations, lies, frivolous argumentation, manufacturing of court documents to mislead and deceive the Court. To any non-lawyer or Pro Se, like Plaintiff or any reasonable person, Opposing Counsel's conduct was egregious, extreme, criminal in nature, fraudulent in nature, and unconscionable, but the Court allowed it, refused to admonish it, and therefore Plaintiff though he had free license where he could say anything he wanted to based on the Court's laissez-faire treatment of Opposing Counsel's fraud on the Court, which 100% objectively wrong by the ABA, attorney standards, Rule 11, 1927, etc. Objectively, there is a clear double standard here, which gives an inference of bias, discrimination, when Plaintiff has been extremely and severely sanctioned at least 2 times (granting Opposing Counsel's motion for a pre-filing order to sanction Plaintiff 12/22/2020 and this Order of Dismissal on 10/28/2021) without any prior warnings, notice, opportunity to be heard, due process, or opportunity to correct the conduct.   Before this order of dismissal on 10/28/2021 Plaintiff was never warned by the Court that he could not use the word "hateful." If the Court had given Plaintiff at least one warning about the word "hateful' being considered "offensive" and "abusive" and Plaintiff used it again, then the Court would have been fair, but  this DID NOT HAPPEN, as the record speaks for itself.  Plaintiff objectively and subjectively did not know that use of the word "hateful" would ever be offensive. Presidents use it regularly, the news stations uses it regularly, teachers use it regularly, and it is colloquially not considered a curse word in every day speech. There is no list of words

Scanned with CamScanner

you can or can not say in Court, and Plaintiff was not naming calling or making offensive statements for the purposes of being offensive or abusive, Plaintiff believed the judge was biased and discriminating against him, so Plaintiff believed that judge to be "hateful" and used the word in his argument for Disqualification.  Any reasonable fact finder would believe that SEVERE SANCTION of pre-filing order without a basis in law or fact (12/22/2020), SEVERE SANCTIONS of pre-filing order WITHOUT NOTICE or any warnings or without any explanation to Plaintiff what he did BEFORE 12/22/2020 to deserve to be sanctioned on 12/22/2020 where he was denied Constitutional First Amendment rights, SEVERE SANCTIONS WITHOUT ANY HEARING or OPPORTUNITY TO RESPOND or OPPOSE being denied Constitutional First Amendment rights, SEVERE SANCTIONS WITHOUT ANY EXPLANATION ON or  BEFORE or AFTER 12/22/2020 as to WHY Plaintiff was sanctioned on 12/22/2020 so Plaintiff could correct a mistake, if he made one.  It seems the Court sanctioned Plaintiff based solely on Opposing Counsels frivolous statements and arguments only, as the Court's bias resulted in discrimination to sanction Plaintiff for no valid reason. Meanwhile Opposing Counsel, Ira Rosenstein, committed FRAUD on the Court , violated FRCOP Rule 11, 28 U.S.C. § 1927 by intentionally manufacturing and filing false court papers claiming with this Court fraudulently alleging that there was a judgment in Plaintiff's California case, which was 100% false at all times.  Yet , the Court has never sanctioned Opposing Counsel and/or even admonished Opposing Counsel fraud on the Court. This Court has always been 100% objectively unfair  and the record speaks for itself. In sum, Plaintiff, now that he knows better, takes full responsibility for using the word "hateful", apologizes and would never use the word "hateful"  again in this Court, even though Plaintiff still does believe this Court has always been  objectively and subjectively unfair and biased.

**This Court's intentional refusal and failure to follow controlling 2nd circuit case law when Sanctioning Plaintiff without due process**

On December 22, 2020 in sanctioning Plaintiff, without due process or opportunity to be heard before sanctioning Plaintiff,  this Court refused and failed to follow controlling Second Circuit law, as **"'due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions.'"** Ted Lapidus, S.A. v. Vann, 112 F.3d 91 (2d Cir. 1997) (quoting In re Ames Dept. Stores, Inc., 76 F.3d 66, 70 (2d Cir. 1996). 1) Before the Curt dismissed Plaintiff's case on 10/28/2021, as the record shows, Plaintiff never received due process, notice or opportunity to be heard before the extreme sanction of dismissal for using the word "hateful." 2) Because of the Court's bias, on 12/22/2020 the Court denied Plaintiff Constitutional rights which imposed a substantial burden on the free- access guarantee. *"Among all other citizens, [the vexatious litigant] is to be restricted in his right of access to the courts. . . . We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future."* Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). First, *"[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."* Elrod v. Burns, 427 U.S. 347, 373 (1976). *"Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution."* Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment *"right of the people . . . to petition the Government for a redress of grievances,"* which secures the right to access the courts, has been termed *"one of the most precious of the liberties safeguarded by the Bill of Rights."* BE & K Const. Co. v. NLRB, 536 U.S. 516, 524–25 (2002) ;see also Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002) (*noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause*). Any reasonable

Scanned with CamScanner

person or fact-finder would understand Plaintiff's reason for believe the Court was biased by these constant sanctions without notice, opportunity to be heard, no basis in fact or law, to procedural fairness, no opportunity for Plaintiff to correct his alleged wrongful behavior by explaining that he cant use the word "hateful" or even what Plaintiff did exactly to deserve being sanctioned with a "pre-filing order" when Plaintiff did not meet the legal standard under Safir v. United States Lines Inc., et al., 792 F.2d. 19 (2nd Cir. 1986) for the Court to have sanctioned Plaintiff with a prefiling order on 12/22/2020.  The Court abused its discretion when it sanctioned Plaintiff with a pre-filing order on 12/22/2020 and refused to reconsider that or explain what Plaintiff did wrong exactly or even allow Plaintiff an opportunity for a hearing.  Any reasonable fact-finder would also view this as 100% unfair . Contrary to the Court's opinion in Order of Dismissal, This Court has never "afforded Plaintiff significant leeway in view of his pro se status" at any time. Plaintiff is not unreasonable in believing that there are inferences of bias and discrimination, as The Court has always denied him the most basic fairness in every aspect. Plaintiff only used the word "hateful" in response in opposition to the Court's severe sanction of denying Plaintiff his Constitutional rights based on perceived bias.  It's very likely that somebody's parents or teacher or average person would be offended by someone using the word "hateful" and thats the standard Plaintiff and many people use for alleged "offensive' or "abusive" language. Opposing Counsel is permitted by the Court to commit fraud on the court, manufacture fraudulent, false  court documents (forgery, fraud, perjury, Rule 11, 1927 violations ) to make fraudulent material representations to the Court and the Court sees absolutely nothing with Opposing Counsel's conduct. But then Plaintiff is sanctioned with Dismissal for using the word "hateful" as he believes the judge in this case has an anti-Muslim biased based on his work as a prosecutor, but what is objectively unfair is that Plaintiff cant be forgiven and/or be given one chance to correct his behavior now that he knows.  Plaintiff now admitted in this motion he is wrong for using  the word "hateful" but
Plaintiff is not wrong, legally or morally, for wanting to be treated fairly, as any reasonable person would want or expect to be treated fairly and would also feel violated when the Court constantly denies them due process before sanctioning them.  RULE 41(b)
Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations." Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam). And pro se plaintiffs should be granted special leniency regarding procedural matters. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Finally, "this court has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme." Id. Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988) Barry Lesane v. Hall's Security Analyst, Inc., 239 F.3d 206 (2d Cir. 2001) The Judge failed and refused to consider  any of the above factors especially (1) Plaintiff only said the word "hateful" one time in Motion for Disqualification because Plaintiff was sanctioned with the harshest sanction without due process or any opportunity to be heard so there was no duration. Even if it were offensive , which it reasonably wasn't, it happened 1 time where Plaintiff said "hateful" and there was no pattern.  In Link v. Wabash Railroad Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734(1961), "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings

Scanned with CamScanner

as are adequate to safeguard the right for which the constitutional protection is invoked."Anderson National Bank v. Luckett, 321 U.S. 233, 24664 S.Ct. 599, 606,88 L.Ed. 692(1944)]. . . . The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.370 U.S. at 632, 82 S.Ct. at 1389-90."  This Court's constant unfair sanctioning of Plaintiff without due process is unwarranted and has never had any basis in law or fact. Plaintiff was never given "reason to think" that the court might dismiss case just because Plaintiff used the word "hateful" to describe Plaintiff's perception of this Judges sanctioning of Plaintiff without due process. It is unconstitutional.  Saylor v. Bastedo, 623 F.2d 230, 238-39 (2nd Cir. 1980) (Friendly, J.) (procedural requirement for sua sponte dismissal implicit in Link not met where counsel never given "reason to think" that court might dismiss case).  This judge has been unfair 100% of the time and has never followed the law or afforded Plaintiff notice that using the word "hateful" was grounds for dismissal. Plaintiff used the word hateful 1 time  and there was no notice or warning given from the time Plaintiff used the word hateful and the dismissal. Plaintiff would've apologized if he was ever warned or given due process, Plaintiff was again denied due process with this sua sponte dismissal.  **[4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."** The record contains no indication that the district court considered any of these factors in reaching its decision to dismiss plaintiff's case. "While we do not now require the court to discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning. **Furthermore, notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court."** Lucas, 84 F.3d at 535. "although we have remarked that "it is difficult to imagine" how a dismissal following an unheeded warning could be an abuse of discretion, we do not find, in light of the other features of this case, that the presence of the warning requires that we affirm. **Quite apart from the fact that none of the five factors is separately dispositive**, Nita v. Connecticut Dept. of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994), we note that the warning the district court issued was brief and technical, **compassing little more than the quoted phrase. We note also that this feature makes the warning stand in stark contrast to the descriptions the district court issued to plaintiff, in the same order,""[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."** Lucas, 84 F.3d at 535-36. No evidence of this sort is present here. in the present context most importantly, there is no indication that the district court considered imposing the lesser, and much more tailored, sanction. In sum, this is not one of those "rare occasions" when the "drastic remedy" of Rule 41(b) dismissal was warranted. Colon v. Mack, 56 F.3d 5, 7 (2nd Cir. 1995). Plaintiff only "used" the word "hateful" **BECAUSE THE COURT** was denying him First Amendment rights and **BECAUSE the COURT** was already ordering SEVERE SANCTIONS without due process. But for the Court's biased sanctioning without due process, Plaintiff would never have used the word "hateful," as it was a response to the Court's unfair treatment that has existed from Day 1 until Order of Dismissal.
**FACTS in ORDER OF DISMISSAL WHICH WERE CLEAR ERROR**
"The need to correct clear or manifest error in law or fact, to prevent manifest injustice."
1. It is 100% CLEAR ERROR and  unsupported by the record that "**On December 22, 2020, the Court issued an Order To Show Cause as to why Plaintiff's claims should not be dismissed pursuant to 28 U.S.C. § 1406(a) for improper venue, (Dkt. No. 50).** As "DKT #50 did not happen in December 2020 and the Court did not Sua Sponte raise the _

1. Issue of Venue until after it made a ruling on Def. Catania's 12(b)(6) motion to dismiss for Res Judicata. As per FRCP Rule 12(g) and 12 (h), the Court was precluded from hearing a Second Motion to Dismiss, besides the fact that Defendant Catania waived venue by filing Motions for Relief that were granted.

2. Def. Catania was NEVER in CALIFORNIA on 10/26/2016 when this alleged incident happened, he was in NEW YORK and in NOVEMBER 2016 and then again in OCTOBER 2019, Defendant Catania published defamatory per se statements of purported facts about Plaintiff to New York residents, while Catania was in NEW YORK, which affected Plaintiff's job in NY. The effects test, minimum contacts and Declarations in the complaint and the pleadings and facts in complaint support SDNY venue. Jurisdiction over Defendants in New York is proper because of their intentional conduct in New York allegedly calculated to cause injury to respondent in New York, where Plaintiff was working in NY. Pp. 465 U. S. 788-791. From 2016- 2021, Defendants defamatory publications were always "targeted" a NY audience, as pled in complaint and affected Plaintiff in NY. The Court failed to defer to complaint and attached exhibits. see Calder v. Jones, 465 U.S. 783 (1984)

3. Contrary to the Court's opinion, Plaintiff did not have "warnings" about "offensive language and abusive tactics" and/or any previous warning about using the word "hateful."

4. Contrary to the Court's opinion, Plaintiff has NOT, at any time, been "**attempting to harass the friends and family of Defendants, (see Dkt. No. 55). *This will not be tolerated.*"** Once again, There is no evidence in the record to prove this. This is extrajudicial gossip and hearsay. Opposing Counsels statements and arguments are not evidence. See Kulhawk v. Holder, 571 F.3d. 296, 298(2d Cir. 2009)("an attorney's unsworn statements in a brief are not evidence") Just because Opposing counsel commits fraud on the Court and makes these claims do not make them true. This is 100% biased and has no factual basis because Plaintiff did not speak to **"the friends and family of Defendants"** at any time during this litigation. The Defendants WERE NOT parties to this lawsuit at the time Plaintiff allegedly "has Been "attempting to harass the friends and family of Defendants, (see Dkt. No. 55)." This is 100% false and there is nothing in the record to support this, this is just how this biased judge operates. It is clear this judge has an agenda and just doesn't want to be fair because this alone is 100% false. There are extrajudicially obtained facts without any evidence. Plaintiff was allowed to speak to "friends and family of Defendants" before the Defendants were parties to this lawsuit and the fact that they entertained conversations with Plaintiff proves that it wasn't harassment. In fact, Opposing Counsel said it never happened. Opposing Counsel made binding judicial admissions that Plaintiff never spoke to Defendant Kiefer's fiancé. So what basis does this judge have to make these extrajudicially obtained facts that Plaintiff has no knowledge of to Dismiss this case?!? The Court refused to provide controlling case law that says that before Plaintiff files a lawsuit and/or before Defendants were parties to this lawsuit and/or before they were served with summons and/or complaint that Plaintiff was forbidden from speaking to **"the friends and family of Defendants, (see Dkt. No. 55) .**Plaintiff never "harassed"' "the friends and family of Defendants,(see Dkt. No. 55)" nor was Plaintiff "**attempting to harass the friends and family of Defendants,(see Dkt. No. 55)**" and there is no evidence to prove these extrajudicial facts, without evidence. Attempting to harass and harassing are 2 different things and there are just bald, conclusory allegations by an extremely hostile judge. Is this judge actually now denying Plaintiff freedom of association and actually ruling that Plaintiff wasn't allowed to speak to people before the lawsuit ever began and/or before this judge has personal jurisdiction? This is exactly why Plaintiff and/or any reasonable person would objectively believe this judge is 100% biased. Biased judges always refuse to follow the law, invent their own facts, and turn the victim into the criminal. Opposing Counsel made binding judicial admissions that Plaintiff never spoke to Defendant Kiefer's fiancé at any time. Defendant Catania's ex wife voluntary called Plaintiff BEFORE Plaintiff filed this

Scanned with CamScanner

lawsuit, so this judge is clearly just inventing his own facts unsupported by the record to legally prejudice Plaintiff.

5.. Contrary to the Court's opinion when it said **"Plaintiff continues to use offensive language and abusive tactics"** because is simply is not true, Plaintiff used the word "hateful" in Disqualification motion before he was warned it was offensive and was never warned that it was a basis for dismissal.

### COURT FAILED TO FOLLOW PROPER LEGAL STANDARD

To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. Id.  Defendants failed to defeat the evidence by Plaintiff, the Notarized Declaration in complaint of Stephanie Acosta who was a New York resident, Venus Stinnett declaration, the Complaint, subsequent affidavits, evidence, etc. Court refused to follow the correct Legal Standard of Review. Even though Defendants were precluded from filing a successive Rule 12(b)(3)motion after they only moved to file a 12(b)(6) motion, Assuming arguendo Defendants were not precluded from filing a Rule 12(b)(3)motion (which they were), the Court failed to follow correct Legal Standard of Review as he refused to accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Thus, factual disputes are "inappropriate for resolution on a motion to dismiss." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 405 (2d Cir. 2015). Courts are "fundamentally unsuited to undertake," and in fact are not permitted to undertake, "credibility assessments" at the Rule 12(b)(6) stage. Turkmen v. Hasty, 789 F.3d 218, 226 n.6 (2d Cir. 2015); accord Wood v. Moss, 134 S. Ct. 2056, 2065 n. 5 (2014) ("In ruling on a motion to dismiss, we have instructed, courts 'must take all of the factual allegations in the complaint as true.'") (quoting Iqbal, 556 U.S. at 678).

Plaintiff moves for relief under FRCP 59 and 60 for Reconsideration of the order of dismissal for lack of Venue because the Court did not follow controlling case law and Plaintiff is being legally prejudiced. The Court dismissed Kiefer, and while Plaintiff objects and opposes the dismissal of Kiefer for late or improper service, as she was avoiding service, Plaintiff believes in the interests of justice that he is entitled to a **Motion to Transfer Venue** and this was overlooked by the Court, resulting in MANIFEST INJUSTICE, even if the Court does not want to reconsider any other parts of its Order of Dismissal. Venue is reviewed de novo . . See, e.g., Gulf Ins. Co. v. Glas- brenner, 417 F.3d 353, 355 (2d Cir. 2005) (venue); Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., 264 F. 3d 32, 36 (2d Cir. 2001) (personal jurisdiction).When reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo, **accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor."** Liranzo v. United States , 690 F.3d 78, 84(2d Cir. 2012). Because this will be the first time that the district court will be addressing the merits on several legal issues including Jurisdictional Discovery, Motion for Transfer of Venue, Improper Legal Standard,. This motion for reconsideration should be reviewed de novo review on appeal. See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A. , 626 F.3d 699, 739 n.21 (2d Cir. 2010) (concluding that de novo review is required when the district court first addresses the merits on a motion for reconsideration).

In the interests of justice, Plaintiff moves for reconsideration based on 60(b)(6) "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances...." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)) and Rule 59(e). The decision whether to grant a Rule 59(e) motion is within the sound discretion of the district court. Wells Fargo Fin. Inc. v. Fernandez, 2001 WL 345226, *1 (S.D.N.Y. Apr. 9, 2001)."Alteration or amendment of a prior decision is warranted only where controlling law has changed, new evidence is available, **and/or clear error must be corrected or manifest injustice prevented."** Katz v. Berisford Int'l PLC, 2000 WL 1760965, at *5 (S.D.N.Y Nov. 30, 2000) . Plaintiff is not rearguing, but rather requesting the Court to apply

Scanned with CamScanner

1. the proper legal standard, view the disputed facts in the light most favorable to Plaintiff on a Motion to dismiss. "The standard for granting a Rule 59(e) motion is strict and reconsideration is generally denied as *a Rule 59(e) motion is not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued."Wells Fargo*, 2001 WL 345226 at *1 . Plaintiff also moves for reconsideration under Rule 59(e) as it would prevent manifest injustice, based on  "the need to correct clear or manifest error in law or fact, to prevent manifest injustice. Manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." Rose v. Alternative Ins. Works, LLC, Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007). Manifest injustice has also been held to occur where there is " 'an error in the trial court that is direct, obvious, and observable.' " Greene v. Virgin Islands Water & Power Auth., Civ. Action No. 06-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir.2004). see Bradley, 416 U.S. at 711, 94 S. Ct. at 2016. A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, o*r the need to correct a clear error or prevent manifest injustice."* Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013)

   <u>Court's basis for granting Motion to Dismiss for "lack of venue" was based on Opposing Counsel's statements and arguments, which is NOT EVIDENCE and IMPROPERLY LEGAL STANDARD ON MOTION TO DISMISS as Court resolved DISPUTED FACTS in Def. Catania's FAVOR; Defendant Catania has failed to satisfy his burden of proving that he was  not a  citizen of NY at the Time of Filing the Original Complaint in June 2020.</u>

   Plaintiff understands the Court doesn't want to be fair but the Second Circuit will "typically treat venue determinations in the same way that they treat personal jurisdiction decisions ...," Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2nd Cir. 2005), and the Second Circuit agreed with those circuits "that a motion to dismiss for improper venue under Rule 12(b)(3) raises a quintessential legal question–where is venue proper?–even to the extent that it may be fact-specific," id.  Thus, in Gulf Insurance the Second Circuit applied the same standard of review in Rule 12(b)(3) dismissals for improper venue as it did for Rule 12(b)(2) dismissals for lack of personal jurisdiction. Id. Plaintiff established proper Venue and proper jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). However the Court decided not to law controlling case law when the Court resolved disputed facts in favor of Defendants, without any evidence in the record to controvert Plaintiff's evidence and pleadings. Plaintiff is prejudiced mostly by this reason alone, as the Court refused to decide this Venue motion in the light most favorable to Plaintiff. When the trial court has determined that the motion to dismiss for lack of personal jurisdiction can be decided upon these written submissions, it "must consider the pleadings and affidavits in the light most favorable to the plaintiff." Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir.1980), cert. denied, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981)Any other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977).  The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. See, e.g., Moore v. AT & T Latin America Corp., 177 F.Supp.2d 785, 788 (N.D.Ill.2001); Solow Bldg. Co., LLC v. ATC Assocs., Inc., 175 F.Supp.2d 465, 469 (E.D.N.Y.2001). If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court. See 28 U.S.C. § 1406. In the alternative, Manhattan seeks a transfer of the case to a district court in New York pursuant to 28 U.S.C. § 1404(a). The Court never addressed the transfer issue and Defendant Catania has never opposed Plaintiff's motion for a transfer. _____

Scanned with CamScanner

### Complaint proves this is the Correct Venue

This Court refused to view the facts in the light most favorable to Plaintiff on this motion to dismiss for improper venue, instead did the complete opposite and viewed the facts in the light most favorable to Defendants. **Factual disputes are "inappropriate for resolution on a motion to dismiss."** Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 405 (2d Cir. 2015). Courts are "fundamentally unsuited to undertake," and in fact are not permitted to undertake, "credibility assessments" at the Rule 12 stage. Turkmen v. Hasty, 789 F.3d 218, 226 n.6 (2d Cir. 2015); accord Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (**"In ruling on a motion to dismiss, we have instructed, courts 'must take all of the factual allegations in the complaint as true.'"**) (quoting Iqbal, 556 U.S. at 678). This defamation action is based on Defendants Republication of their defamatory original publications about Plaintiff. The fact that original event happened in Los Angeles CA has no legal bearing on the venue in this republication lawsuits. Defendants originally defamed Plaintiff in Los Angeles,CA in 2016. However in 2019 and/or 2020 Defendants defamed Plaintiff to NEW YORK RESIDENTS , (Stephanie Acosta , Young Sook Susie Sanchez ) plaintiff pled these facts in the complaint, which is what renewed these defamation claims. See Notarized Declaration of Stephanie Acosta, a New York resident. Also, Defendants original defamatory per se publications in 2016 were to NEW YORK residents and to Plaintiffs NEW YORK co-workers, which caused Plaintiff to be terminated in NEW YORK, where he worked. Delta Airlines Inc's attorney made binding judicial admissions on the record that Plaintiff was terminated due to Defendants defamatory per se publications about Plaintiff to New York residents. The Court refused to even liberally read the complaint or even follow controlling case law properly to resolve a Motion to Dismiss in the light most favorable to Plaintiff.When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).The court must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing. Id. In fact, the court accepts them as true, irrespective of whether the defendant disputes them, and, in so doing, "construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." Id. (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)).

Plaintiff moves Court to alter or amend order in DKT#59 under Federal Rule 59(e) by pointing to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:(1) **mistake, inadvertence, surprise, or excusable neglect; or(6) any other reason that justifies relief.**Fed. R. Civ. P. 60(b). Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (citing Montco, Inv. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 760 (2d Cir. 1981)). United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009); see also Fleming v. New York Univ., 865 F.2d 478, 484-85 (2d Cir. 1989). Opposing Counsel has a history of making "material misrepresentations," based on the first 12(b)(6) Motion to Dismiss for Res Judicata, now Opposing Counsel and/or Def. Catania made more material misrepresentations when Def. Catania stated that he sold his property in "2020." There is no evidence in the record to support the disputed fact that Def. Catania sold his property in "2020." The Court ruled, " **However, Defendant Catania states that he sold that property in 2020 and "is prepared to file a Closing Disclosure under seal." (Dkt. No. 55.**)" Statements and arguments are not evidence and do not controvert Plaintiff's evidence in the record. Also, as the Court stated, was only "**"prepared to file a Closing Disclosure under seal" but NEVER DID.** Plaintiff is legally prejudiced, as The Court not only applied the wrong legal standard on a Motion to Dismiss for "lack of venue," but also relied on Opposing Counsels statements and arguments which is not __

evidence. "According to Defendant Catania, neither he nor putative Defendant Kiefer is "domiciled in New York." (Dkt. No. 19.), which is not evidence. See Kulhawk v. Holder, 571 F.3d. 296, 298(2d Cir. 2009)("an attorney's unsworn statements in a brief are not evidence"). Statements in an attorney's affidavit not based on personal knowledge are not entitled to evidentiary weight. See United States v. Maldonado-Rivera, 922 F.2d 934, 972 (2d Cir. 1990) (holding that the"court properly declined to credit [an] attorney's affidavit because it was not based on the attorney's personal knowledge"); cf. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The Court erroneously, as matter of law and fact, accepted Opposing Counsels bald and conclusory statement and arguments, which were not evidence and did not controvert the undisputed fact that in JUNE 2020 at the time of filing, Def. Catania was a NY citizen.  The fact that Def. Catania may or may not have moved after the time of filing in June 2020 should not have resulted in Dismissal for "lack of venue," without the Court considering granting Plaintiff a transfer to the Middle District of Florida, in the interests of justice.

**BOTH DEFENDANTS TRANSACTED BUSINESS IN NEW YORK AT ALL TIMES  and per Calder v. Jones, 465 U.S. 783 (1984), the minimum contacts test and effects test made this SDNY VENUS PROPER**

Defendants DEFAMED Plaintiff when they were physically in NY and Def. Catania was never in California, his wife was. Def. Catania just kept republishing defamatory per se statement about Plaintiff, which targeted a NY audience.
Calder v. Jones, 465 U.S. 783 (1984) is controlling.International Shoe Co. v. Washington, 326 U. S. 310, 326 U. S. 316. In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U. S. 186, 433 U. S. 204. P. 465 U. S. 788. <u>Defendants did not identify which venue they believe is proper, but only litigated this issue after the Court improperly sue sponge raised it, after the venue issues was waived. As the record reflects,  The Court did not SUA SPONTE raise the VENUE issue until May 2021, after the ruling on Defendants 12(b)(6) motion</u>Jurisdiction over Defendants in New York is proper because of their intentional conduct in New York  allegedly calculated to cause injury to Plaintiff in New York, where he was working at the time.  Pp. 465 U. S. 788-791. Although Defendants may be snowbirds and/or have a residence outside of NY, Defendants work and reside In NY.
<u>Venue is proper if it is satisfied under 28 U.S.C. § 1391.</u> Court refused to make literal reading of 28 U.S. Code § 1391 - Venue generally. Venue was proper under 28 U.S. Code § 1391  (b)(1), and (2) and (3).  28 U.S. Code § 1391 says nothing of "domicile" but rather the  statute mandates that a  (b) A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. Where someone is a resident and where someone is domiciled are 2 different things. Many people are residents in 2 states, which doesn't mean that they are not a resident of 1 state. The fact that  Defendants May be domiciled outside of NY does not mean they are not also NY residents.  Defendants do not deny that they reside in New York, or at least have 1 residence in NY. For example, most flight attendants are domiciled in one state but have a residence in another state where they are based.  Many people have a second residence in another state. Yet this biased judge incorrectly states that "Because no Defendant resides in this state, Plaintiff may not lay venue in this District" yet the evidence in the record does not support this. Furthermore. This is a factually disputed issue and factual disputes are "inappropriate for resolution on a motion to dismiss." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 405 (2d Cir. 2015). Courts are "fundamentally unsuited to undertake," and in fact are not permitted to undertake, "credibility assessments" at the Rule 12(b)(6) stage. Turkmen v. Hasty, 789 F.3d 218, 226 n.6 (2d Cir. 2015); accord Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) ("In ruling on a motion to dismiss, we have instructed, courts 'must take all of the factual allegations in the complaint as true.'") (quoting

Scanned with CamScanner

Iqbal, 556 U.S. at 678).Venue is proper under 28 U.S.C. § 1391(b)(2) Plaintiff has credibly alleged a connection to New York in his complaint, the exhibits and attached . Thus, Plaintiff may lay venue in this District pursuant to § 1391(b)(2), which allows a civil action to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2).  Defendants defamed Plaintiff to NY residents from 2016 through 2021, Defendants defamed Plaintiff to his NY employer , Plaintiff was based in NY,  and because of Defendants defamatory publications about Plaintiff to NY residents , Plaintiff was terminated by Delta's HR Manager In NY.  Deltas attorney made binding judicial admissions admitting this, that Plaintiff was terminated because of Defendants defamatory publications to NY residents. Plaintiffs verified complaint clearly pleaded the NY connection with evidence and declarations this but of course this biased judge just invent his  own facts, which are controverted by the record itself. Because Defendants do resides in this state, Plaintiff may  lay venue in this District—or any other judicial district in New York—pursuant to § 1391(b)(1), which provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[,]" 28 U.S.C. § 1391(b)(1)

**<u>Defendants waived Venue arguments  when Defendants filed a Motion to Sanction Plaintiff with a Pre-Filing order on 12/22/2020 which the Court granted on 12/22/2020</u>**

Because venue is "a limitation designed for the convenience of litigants, and, as such, may be waived by them." Olberding v. Ill. Cent. R.R. Co., 346 U.S. 338, 340, 74 S.Ct. 83, 98 L.Ed. 39 (1953). An objection to venue "may be lost by submission through conduct. Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference. The essence of the matter is that courts affix to conduct consequences as to place of suit consistent with the policy behind [venue statutes] which is 'to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any dis- trict, or wherever found.' " Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939) (citation omitted) (quoting General Inv. Co. v. Lake Shore & M.S. Ry. Co., 260 U.S. 261, 275, 43 S.Ct. 106, 67 L.Ed. 244 (1922)). Defendant cannot now reject this forum as extraordinarily inconvenient when it affirmatively sought relief from this the Southern District of New York when Defendants filed a Motion to Sanction Plaintiff with a Pre-Filing order which the Court granted.  See Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011) ("'[T]he voluntary use of certain [district] court procedures' serve[s] as 'constructive consent to the personal juris- diction of the [district] courtTTTT' " (alteration in original) (quoting Ins. Corp. of Ire- land, 456 U.S. at 704, 102 S.Ct. 2099)); PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland), 260 F.3d 453, 460–61 (5th Cir. 2001) ("[W]hen 'a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same sub- ject matter.' " (quoting Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999))); see also Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie- Tynes Mfg. Co., 203 F.3d 835 (Table), 2000 WL 147392, at *3 (10th Cir. 2000) ("After its lengthy participation in this litigation, [and] efforts to seek affirmative relief TTT [defendant] may not pull its personal juris-

**<u>Venue Is Determined at the Time the Complaint Is Filed.</u>**
The Court dismissed Defendant Kiefer. "As Defendants correctly point out, Plaintiff has far exceeded the deadline to serve Defendant Kiefer, and he has not demonstrated good cause for his failure to do so. (See Dkt. Nos. 19, 55)."  However, Defendant Chris Catania  failed to establish his domicile in June 2020, while admitting that he moved in "2020" but the record is unclear when Def. Catania moved. When the complaint was filed and there is no evidence in the record to prove that  Defendant Chris Catania  was not domiciled in New York in June 2020. In fact, he was served in September 2020 in New York. Defendant Catania simply alleged he "had moved to Florida but did not specify when that move ____

Scanned with CamScanner

occurred." And failed" to produce evidence establishing that they had been domiciled in Florida at the time"Plaintiff "filed their suit," which he didn't. Buskirk v. United Grp. of Cos., 935 F.3d 49 (2d Cir. 2019)**the relevant domicile is the parties' domicile at the time the complaint was filed.** See Universal Licensing Corp. v. Paola del Lungo S.p.A. , 293 F.3d 579, 581 (2d Cir. 2002).This Court always failed to ever follow controlling Second Circuit case law to intentionally prejudice Plaintiff. Per Second Circuit case law, Defendants "needed to produce evidence establishing that they had been domiciled in Florida at the time they filed their suit . But they did not produce such evidence. The sworn declarations indicated Plaintiffs had moved to Florida but did not specify when that move occurred. " Buskirk v. United Grp. of Cos., 935 F.3d 49 (2d Cir. 2019). The same thing happened in this case.  Defendants failed to produce evidence that they "been domiciled in Florida" or "Utah" in this case "at the time " plaintiff filed this suit, which was June 2020.  Defendants alleged "sworn declarations" only "indicated" that  Catania " had moved to Florida but did not specify when that move occurred" and the record is still unclear when Kiefer allegedly moved , but Kiefer and Catania still reside and work in NY. All elements of venue are met and Venue was proper under 28 U.S. Code § 1391  (b)(1), and (2) and (3). The record contradicts the facts  this judge is relying on to dismiss , there are factual disputes, Defendants still live and work in NY at least part time, the claims arose in NY, and Plaintiff was defamed to NY residents in 2019 and 2020, as the complaint and exhibits attached clearly show. The Court gave no deference to complaint or to resolve facts in Plaintiff's favor. Plaintiff is legally prejudiced, as this was the judges agenda. Wolde-Meskel v. Vocational Instruction Project Cmty. Sers., 166 F.3d 59, 64–65 (2d Cir. 1999) Wolde-Meskel, 166 F.3d at 62 ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of- filing' rule.") ;Kheel v. Port of N.Y. Auth., 457 F.2d 46, 49 (2d Cir. 1972)

    The Court failed to provide any controlling authority for the premise that venue properly can be reassessed after filing.  The US Supreme Court addressed venue being reassessed only in a  case addressing the effect of dismissed parties on diversity jurisdiction, not venue. See Knowlton, 900 F.2d 1196, 1200-01 (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989)); Flowers Indus. v. FTC, 835 F.2d 775 (11th Cir. 1987)( "venue must be determined based on the facts at the timeof filing [the complaint]." Flowers Indus., 835 F.2d at 776 n.1.) Venue, is a snapshot of the justiciability of each plaintiff's claims at the time of filing. Atlanta Gas Light Co. v. Aetna Casualty and Surety Co., 68 F.3d 409, 414 (11th Cir. 1995). Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980) ("When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant.");Wright & Miller § 3522, p. 142 ("[J]urisdiction is assessed as of the time the case is commenced, and thus cannot be ousted by post-filing changes of citizenship."); A person only acquires a new domicile with physical presence in a new location and intent to remain there. Sun Printing and Publ'g Ass'n. v. Edwards, 194 U.S. 377, 383 (1904) ("[I]t is elementary that, to effect a change of one's legal domicil[e], two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there."). The record contains disputed facts about whether Defendants "intention to remain" in Utah and/or Florida.  Williamson v. Osenton, 232 U.S. 619, 625 (1914) (Holmes, J.); Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 43 (1989)5 ("Holyfield") One may reside in one place and be domiciled in another. Holyfield, 490 U.S. at 48. For adults, a domicile of choice is established by simultaneous physical presence in a place and an intention to remain there. Id. at 48;; RESTATEMENT § 15. Kanter v. Warner-Lambert, Co., 265 F.3d 853 (9th Cir. 2001). Plaintiff controverted Defendants intentions to remain in Utah and/or Florida. Venue was proper in June 2020 at the time of filing the original complaint

The Court waited almost 1 year after Plaintiff filed this action to sua sponte raise the venue issue, which legally prejudiced Plaintiff. There is NOTHING in the record to support that this

Scanned with CamScanner

was the wrong venue in June 2020 and/or May 2021.. Instead the judge simply accepted Datania's bald, conclusory unsupported statements and arguments that "However, Defendant Catania states that he sold that property in 2020 and "is prepared to file a Closing Disclosure under seal." (Dkt. No. 55.)". Defendant Catania never filed any evidence that he was not living in that house in Newburgh, NY in June 2020. The record contains evidence that Defendant Catania was living in this Newburgh, NY property in June 2020 . The Court failed to view the facts and evidence in the light most favorable to Plaintiff. Defendants never raised this argument or controverted this argument, therefore Defendants waived this argument.See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir. 1999) ("The term 'waiver' is best reserved for a litigant's intentional relinquishment of a known right. Where a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate.").In June 2020, Defendants were residing in New York. Defendants were then served here in New York, as the record and complaint shows that both defendants reside and work in New York and the 2019/2020 events giving rise to this defamation action occurred here in New York, in this district .

**Rule 12(g)(2) and 12(h)**
Federal Rule of Civil Procedure 12(g)(2) states, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This ban on successive Rule 12 motions is "salutary in that it works against piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note to 1966 amendment. Davidson v. Countrywide Home Loans, Inc., No. 09-CV-2694-IEG JMA, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011) (internal quotations omitted) ("Rule 12(g) applies to situations in which a party files successive motions under Rule 12 for the sole purpose of delay[.]"). First of all, only all did Defendants never raise the Venue issue,The Court sua sponte raised the venue issue , which was improper and only after it was waived and only after Defendants filed a 12(b)(6) motion for res judicata.A successive Rule 12 motion is not allowed, but there are two relevant exceptions, but neither applies here. First, a party may, after filing one Rule 12 motion, file a Rule 12(c) motion for judgment on the pleadings to raise defenses of "[f]ailure to state a claim upon which relief can be granted," "[failure] to join a person required by Rule 19(b)," and "[failure] to state a legal defense to a claim." Fed. R. Civ. P. 12(h)(2). But a motion for judgment on the pleadings is only available "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Here the pleadings have not yet closed, so the first exception does not apply. Second, even if a party has already filed one Rule 12 motion, he or she may file an additional Rule 12(b) motion to dismiss to assert a subject-matter-jurisdiction defense. Fed. R. Civ. P. 12(h)(3) But Defendants have not raise the venue defense. The Court improperly Sua sponte raised the Venue issue after it was waived when the Court granted Defendants motion to sanction Plaintiff. The Court in its order of dismissal states that Keifer was untimely served, we'll then the court can't also at the same time can't dismiss this case based on this being the wrong venue due to Keifer's alleged wrong domicile.
**IF VENUE WAS IMPROPER, WHY DIDN"T DEFENDANTS RAISE IT IN THEIR FIRST MOTION TO DISMISS UNDER 12(b)(6). Notwithstanding the fact that Defendants WAIVED VENUE , Defendants Objection to Venue in May 2021 WAS Untimely.**
 An objection to improper venue must be "timely and sufficient." 28 U.S.C. § 1406(b). Typically, venue is challenged via a motion to dismiss or transfer for improper venue under Federal Rule of Civil Procedure 12(b)(3). But that objection is waived if it is omitted from the defendant's first motion to dismiss or answer. Fed. R. Civ. P 12(h)(1).Pursuant to Fed. R. Civ. P. 12(h)(1)(B)(i), <u>a defendant waives any challenge to venue under Fed. R. Civ. P. 12(b)(3) if they fail to raise that objection in a pre-answer motion or in their first responsive pleading</u>. See Johnson v. Bryson, 851 F. Supp. 2d 688, 704 (S.D.N.Y. 2012)

Scanned with CamScanner

(citing **Tri– State Emp't Servs., Inc. v. Mountbatten Sur. Co., 295 F.3d 256, 261 n. 2 (2d Cir. 2002)).** Filing an amended complaint does not resurrect the availability of the defense of improper venue. See id. ("**[T]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.**") (quoting 5C Charles Alan Wright, Federal Practice & Procedure § 1388, at 491 (4th ed. 2009)). Lipofsky v. New York State Workers Compensation Bd., 861 F.2d 1257, 1258 (11th Cir. 1985) (finding that improper venue, unlike lack of subject matter jurisdiction which requires dismissal on the court's own motion if not raised by the parties, is waived when a defendant files a responsive pleading or a Rule 12 motion failing to assert it). Defendants already had and missed the opportunity to argue that venue in the Southern District was improper when Defendants moved to dismiss Plaintiff's Second Amended Complaint under 12(b)(6) for Res Judicata and received a Ruling on it. Successive motions to dismiss are prohibited. Defendants failed to argue in their initial motion to dismiss that venue was improper under Rule 12(h). Not only was it wrong for the Court to sua sponte raise an issue that was waived but Simply put, Defendants were given a second bite at dismissal that wasn't warranted. Any argument under Rule 12(h) that venue in the Southern District was improper for Defendants as deemed waived. Plaintiff has sufficiently pled that his claims arising from these Defendants were properly venued in this district. Plaintiff has alleged that venue is proper for this action pursuant to 28 U.S.C. § 1391(b)(1)(2). Under 28 U.S.C. § 1391(b), venue is proper, in relevant part, in any district where "any defendant resides, if all defendants are residents of the State in which the district is located" or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)(2). Importantly, "[§] 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred." Marshall v. Annucci, No. 16-8622, 2018 WL 1449522, at *10 (S.D.N.Y. Mar. 22, 2018) (quoting Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005)). The most substantial events giving rise to these claims happened in NEW YORK, not in California. Plaintiff is not litigating the 2016 publications, but rather this case is based on the 2019 and 2020 publications and/or republications.

### DENIAL OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff asked the Court to allow Defendants to file a 12(b)(6) Motion so Plaintiff could file a Motion for leave to amend his complaint under Rule 15(a) District court refused and failed to allow Defendant to file a proper 12(b)(6). Instead this biased judge did "orders to show cause" so he could intentionally legally prejudice pro se Plaintiff. While the the facts and Exhibits in Plaintiff's complaint show that venue was proper, the Court intentionally refused to read the facts and Exhibits in Plaintiff's complaint that showing that this was the correct venue. The Court then refused to allow Plaintiff to amend the complaint. Because Plaintiff wanted Defendants to file a 12(b)(6) so Plaintiff could add Def. Catania's employer, as he is the CEO, which gave this Court jurisdiction, which was where Def. Catania was served Summons and Complaint. Def. Catania does not deny that he was properly served in NY, at his place of business. Since the enactment of that statute, the Supreme Court consistently has interpreted Section 1400(b)'s first provision of proper venue—"where the defendant resides"—as limited to the location where the defendant was incorporated if the defendant is a domestic corporation. E.g., Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 226 (1957). Def. Catania's corporation would've given Plaintiff proper venue in this judicial district and Plaintiff could've perhaps dismissed Def. Catania and Def. Kiefer without prejudice. Plaintiff requested leave to amend and it was denied or not addressed to add Def. SubSurface Technologies, Catania's employer, instead of Def. Catania, which would give the SDNY Court proper venue without any objections. see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to pro se litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, " leniency in the enforcement of other procedural rules, and "deliberate, _____

Scanned with CamScanner

continuing efforts to ensure that a pro se litigant understands what is required of himâ€ ) (citations omitted).

**Plaintiff's MOTION TO TRANSFER 28 U.S.C. §1404(a) or § 1406(a) to FLORIDA for Def. Catania's convenience and fairness and interests of justice**

**Standard of Review for Motion to Transfer Venue**

Courts failure to address Plaintiff's motion to transfer this case to prevent manifest injustice has now legally prejudiced Plaintiff, as made his Motion to Transfer to Florida before the Court dismissed this action for 'lack of venue" and Court failed to address this transfer issue. Plaintiff theres moves under both statutes, as Court never considered the transfer motion. Section 1406(a) applies only where venue is improper. Van Dusen v. Barrack, et al., 376 U.S. 612 at 634, (1964), " §1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, §1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege".Because the Court dismissed Kiefer for untimely service , which Plaintiff opposed and objected to, Plaintiff is now only Requesting a Motion of Transfer of Venue, that Plaintiff previously requested, which was never ruled on, based on Def. Catania's alleged Florida residency.  Because the Court erroneously ruled that Def. Catania is not a NY citizen, which Plaintiff objected to herein Plaintiff previously moved for a Motion to Transfer Venue to Florida District Court.

Plaintiff moves for a § 1406(a) and/or a 28 U.S.C. §1404(a) transfer. Plaintiff's MOTION TO TRANSFER  under 28 U.S.C. §1404(a) was never addressed and/or ruled on by the Court. 28 U.S.C. §1404(a) gives a district court the discretion "to transfer any civil action to any other district or division where it might have been brought." A motion under §1404(a) is to be decided with reference to convenience and fairness. (Virgin Enterprises Ltd., v. American Longevity, No. 99 Civ. 9854, 2001 WL 34142402 (citing Sylvestre v. Oswald, No. 91 Civ. 5060, 1993 WL 426527 at *1 (S.D.N.Y. Oct 19, 1993)). The purpose of §1404(a) is to "prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense...'"Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26, 27 (1960). Plaintiff moves for a § 1406(a) t

Section 1406(a) provides in pertinent part:The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,  transfer such case to any district or division in which it could have been brought.28 U.S.C. § 1406(a). Fritsch v. F/V Anna Marie, No. 05-34959, 2006 WL 995411, at *3, n. 5 (D.N.J. April 11, 2006) (noting that, under "§ 1406(a), a district court, upon motion or sua sponte may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice" and that the court has "'broad discretion in deciding whether to order a transfer'") (quoting Decker v. Dyson, 165 F. App'x 951, 954 (3d Cir. Jan. 19, 2006) (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987))). The proper authority to transfer this case is § 1406(a). This statute states, in relevant part: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, § 1406(a) is used to transfer cases "where plaintiffs file suit in an improper forum." Lafferty, 495 F.3d at 77.Under § 1406(a), this case can be transferred to any forum "in which it could have been brought" so long as it is in the "interest of justice." 28 U.S.C. § 1406(a).

**Plaintiff met his Burden Proof for a Transfer to the MIDDLE DISTRICT COURT of Florida**

The record shows and it is undisputed that Def. Catania was a NY citizen in June 2020 and he owned property in June 2020. This is an undisputed fact, as it was never controverted. This SDNY venue was appropriate at the time of filing in June 2020. The record shows it is unclear when in "2020," Def. Catania allegedly moved or sold the properly, and there is NO EVIDENCE in the record to support this Court's factual finding and the Court did not follow

Scanned with CamScanner

Second Circuit case law on this issue. Therefore, based on the Court's finding, which were not based on law or facts in the record, Plaintiff is moving for a transfer of venue to Florida for Def. Catania. A transfer is "clearly" appropriate, in the interests of "justice", since the Court did not dismiss for Res Judicata and for the "convenience" of Def. Catania, both weight in favor of the transfer. Because the Court applied the wrong standard on this Motion to Dismiss for "lack of Venue," by viewing all the disputed facts and all inferences in favor of Def. Catania and not in favor of Pro Se Plaintiff. Because the Court accepted and ruled that Def. Catania is a Florida Citizen and Def. Catania's made binding judicial admissions in the record that he is a Florida resident. Plaintiff met his burden of proof. to show that a transfer is "clearly" appropriate (U.S. Fidelity and Guaranty, 800 F. Supp. at 1079) by showing that the **"balance of convenience and justice weighs heavily in favor of transfer."** (Somerville v. Major Exploration Inc., 576 F.Supp. 902, 908 (S.D.N.Y.1983)) (citing Richardson Greenshields Sec., Inc. v. Metz, 566 F.Supp. 131, 134 (S.D.N.Y.1983)). (See e.g. Fine Foods International v. North America Fine Foods Inc., 1999 WL 1288681, 5 (E.D.N.Y.1999) (citing Schieffelin & Co. V. Jack Co. Of Boca, Inc., 725 F.Supp. 1314, 1321 (S.D.N.Y.1989)); Inez G. St. Cyr v. Greyhound Lines, 486 F.Supp. 724 (E.D.N.Y.1980). This Case "Might Have Been Brought" in the Middle District Court of Florida and Defendants do not contest that the action might have been brought there under both 28 U.S.C. §1391(a)(1), which makes venue proper "where any defendant resides, if all defendants reside in the same State," and 28 U.S.C. §1391(c), qualifies as a residence, making Middle District of Florida the district proper for venue. Def. Kiefer was dismissed for untimely service. Therefore, there is only 1 Defendant and that would be Def. Catania, thus the facts in the record make the Middle District of Florida a proper venue under §1391(a)(2).

If The Court wants to be fair and consider the relevant factors, then it would find that Plaintiff, the movant has made a clear-cut showing that this case should be transferred. It should be noted that generally speaking, a plaintiffs' choice of forum should be given some weight when deciding a motion to transfer venue. (See, A. Olinick & Sons v. Dempster Bros. Inc., 365 F.2d 439, 445 (2d Cir.1966); Royal & Sunalliance v. British Airways, No. 00 Civ. 6466, 2001 WL 363657, at *2 (S.D.N.Y.Apr. 12, 2001)). Rather, "weighing the balance is essentially an equitable task left to the Court's discretion." Id. (internal quotation marks omitted). District courts have broad discretion in deciding, on a case-by-case basis, to transfer the venue of a given litigation based on "notions of convenience and fairness." D.H. Blair & Co, Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006);New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010). In the interests of justice and fairness and convenience, and to prevent Plaintiff from being legally prejudiced, the Court should transfer venue to Middle District of Florida.
Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 79–80 (2d Cir. 1978) (***dismissal and refiling would bar the action with great prejudice to the plaintiffs***);Goldlawr, Inc. v. Heiman, **369 U.S. 463, 465-66**,. 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) s.ee Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007) (***stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case***) (citing Goldlawr, 369 U.S. at 465- 66).

Shall this Court choose not to transfer venue, it would fundamentally unfair and again deny Plaintiff due "process" as "Venue is a matter that goes to process rather than substantive rights…." see Am. Dredging Co. v. Miller, 510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). Plaintiff in good faith filed in SDNY because Def. Catania owned property and was/is a NY citizen in June 2020. There is no evidence in the record showing that Def. Catania was not a NY citizen in June 2020, at the time of filing. In the interests of justice, the Court should grant Plaintiff's request for relief of a transfer to Middle District of Florida, to prevent Plaintiff denying Plaintiff his First Amendment rights again, as the record is unclear when Def. Catania moved to Florida and there is no evidence in the record besides Opposing Counsel's frivolous statements and arguments to support this. The __

Scanned with CamScanner

record shows that Opposing Counsel has already committed fraud on the Court by manufacturing fraudulent documents. For the Court to deny Plaintiff a motion to transfer venue would be fundamentally unfair, as nothing in the record supports this order of dismissal for lack of venue. However, because the Court ruled that Def. Catania resides in Florida, albeit applying the wrong standard and without evidence, Plaintiff should in the very least be entitled to the equitable relief of a transfer to Middle District of Florida. In Plaintiff's previous motions, Def. Catania did not oppose this, and this issue is waived as far as transfer. The Court should reconsider this transfer issue before Plaintiff appeals because the Court failed to previously make any rulings on it or even consider Plaintiff's 2 Motion for Transfer and/or Motion for Jurisdictional Discovery. see Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 79–80 (2d Cir. 1978) (dismissal and refiling would bar the action with great prejudice to the plaintiffs);see Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case) (citing Goldlawr, 369 U.S. at 465- 66).

**CONCLUSION:** Plaintiff seeks relief by moving the court to Reconsider the factual findings, proper legal standards on the motion to dismiss, lack of evidence proving that Def. Catania was NOT a NY citizen in 06/2020 at the time of filing, Rule 12 (g) and Rule 12(h), reconsideration of Rule 41(b) and basically this order of dismissal in its entirety is not based on the facts in the record and/or controlling 2nd Circuit and US Supreme case law In the interests of justice, this case should be transferred to the Middle District of Florida where the Court ruled that Def. Catania began residing AFTER the TIME OF FILING, as Def. Catania judicially admitted that he resides in Florida(even though Catania is a still a NY citizen) but in the interest of justice, convenience, fairness and for Plaintiff not to be legally prejudiced, Plaintiff respectfully requests this Court transfer this case to the Middle District of Florida since the Court and Def. Catania believe this case "mightve been brought" or should've been brought to the Middle District of Florida.

Respectfully submitted,

DATED: 10/28/2021                             /s/
                                    AASIR AZZARMI. PRO SE PLAINTIFF

**PROOF OF SERVICE**

I am a citizen of the United States, resident of Inglewood (Los Angeles), California. I am over the age of eighteen years and a party to the within-entitled action. My address is 10217 S. Inglewood Ave, Inglewood, CA 90304. On October 29, 2021, I served the foregoing document described as *"Plaintiff's Motion for Reconsideration under "* on Opposing Counsel, Ira Rosenstein, for Defendants in this action by emailing an identical, true and correct copy to ira.rosenstein@morganlewis.com.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on October 29, 2021.

                            /s/
                    AASIR AZZARMI
                    PRO SE PLAINTIFF

---

On October 28, 2021, this Court dismissed Plaintiff's Action with prejudice for based on improper venue under 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391, and failure to comply with this Court's orders under Fed. R. Civ. Pro. 41(b).  (Dkt. No. 59.)  For the same reasons, Plaintiff's Motion for Reconsideration is denied.  The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 60.)

SO ORDERED

KENNETH M. KARAS U.S.D.J.

April 8, 2022